IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN REID,

    Petitioner,                    No. CIV S-08-02894 MCE GGH P

    vs.

D.K. SISTO, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

                              /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2005 reversal by the Governor of the decision by the California Board of Parole Hearings (BPH) finding him suitable for parole.

        On February 17, 2009, respondent filed a request to stay this action pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, ___ F.3d ___, No. 06-55392 (9th Cir. Filed May 16, 2008). On May 29, 2008, petitioner filed an opposition to this request.

        For the following reasons, the court now recommends that this action be administratively stayed.

        In Sass v. Cal. Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006) and Irons v. Carey, 505 F.3d 846 (9th Cir. 2007), the Ninth Circuit was concerned with the existence per se of

1

allegedly egregious circumstances of the crime, trivial motive and the like, at least prior to the time the prisoner had served his minimum term under the sentence. That is, a bad circumstance automatically equaled "some evidence" supporting a finding of parole unsuitability. In Hayward, supra, the Ninth Circuit looked past the existence per se of listed circumstances, aka suitability factors, and considered whether a particular factor, such as trivial motive, could be a legitimate predictor of dangerousness if released. By granting rehearing in Hayward, the Ninth Circuit clearly has shown an intent to clarify what standard applies in parole cases.

It is within the court's discretion to grant a stay of proceedings in its own court. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). The Ninth Circuit has held that in determining whether a stay of a pending proceeding is appropriate based upon the existence of other similar proceedings, the district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." Id. at 1110. The competing interests to be considered are: 1) the possible damage that may result from the granting of a stay; 2) the hardship that the party seeking the stay may suffer by being required to go forward; and 3) the orderly course of justice measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from a stay. Id.

The only party who may be damaged by a stay is petitioner as it may delay resolution of his petition. However, even if the court goes forward with this case, it will most likely be required to reconsider petitioner's application following the Ninth Circuit's decision in Hayward. Petitioner's application will take just as long to reach final resolution with or without a stay. Therefore, any prejudice suffered by petitioner as a result of a stay is minimal, at best.

If this case goes forward without a stay, respondent will be prejudiced by most likely having to file a second response to the petition as a result of the Ninth Circuit's decision in Hayward. The court will be prejudiced as well if it is required to issue multiple opinions in this action. In addition, the Ninth Circuit's decision in Hayward will clarify the issues to be addressed in this action. Accordingly, the court finds that the factors weigh in favor of a stay.

1           In <u>Yong v. Immigration and Naturalization Service</u>, 208 F.3d 1116, 1119 n. 2 (9th
Cir. 2000), the Ninth Circuit reversed an order issued by the Eastern District staying a habeas action filed pursuant to 28 U.S.C. § 2241 by a petitioner challenging his detention by the former Immigration and Naturalization Service. Because the issues raised in Yong's petition were to be considered by the Ninth Circuit in <u>Ma v. Reno</u>, 208 F.3d 815 (9th Cir. 2000), the district court stayed proceedings in Yong's case pending resolution of the appeal in <u>Ma</u>.

          In <u>Yong</u>, the Ninth Circuit found that the district court abused its discretion in staying the petition because the term of the stay was indefinite. 208 F.3d at 1119. In addition, the Ninth Circuit rejected the district court's finding that the stay would conserve judicial resources. <u>Id.</u> The Ninth Circuit found that district court's duty to decide habeas petitions in a reasonable time overrode any concern for conservation of judicial resources. <u>Id.</u> at 1119-1120. The Ninth Circuit also rejected the district court's reasoning that the stay would promote uniformity in decisions emanating from the Eastern District. <u>Id.</u> at 1121.

          In one very important respect, the instant action is distinguishable from <u>Yong</u>. By all appearances, the Ninth Circuit granted rehearing in <u>Hayward</u> in order to resolve the inconsistent approaches it has taken in cases challenging the sufficiency of evidence in parole suitability hearings. In <u>Yong</u>, the district court was not faced with the issue of deciding which different approach to choose from in deciding the habeas application. Without a stay, it is almost certain that this court will have to reconsider every opinion it issues in petitions challenging the sufficiency of evidence in parole suitability hearings after the Ninth Circuit's decision in <u>Hayward</u>. This court has already issued and withdrawn several opinions in these cases based on the different standards set forth by the Ninth Circuit. At this time, the court is not willing to guess which approach the Ninth Circuit will choose.

          In addition, this court finds it unlikely that any stay of these cases will be for a significant length of time. The undersigned will not await the result of petition for certiorari filings, if any, with the Supreme Court. The court also observes that staying these cases will

| | |
|---|---|
| 1 | promote uniformity in decisions by this district because following <u>Hayward</u>, the district courts |
| 2 | will know which standard to apply. |
| 3 |       While the court would like these cases off the docket, the desire for administrative |
| 4 | efficiency does not outweigh the need to decide cases correctly the first time.  Court resources are |
| 5 | better spent on deciding habeas petitions that do not rely on conflicting case law which is |
| 6 | pending resolution in the Ninth Circuit. |
| 7 |       Accordingly, IT IS HEREBY RECOMMENDED that this action be |
| 8 | administratively stayed pending the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 512 F.3d |
| 9 | 536 (9th Cir. 2008), *reh'g en banc granted*, ___ F.3d ___, No. 06-55392 (9th Cir. Filed May 16, |
| 10 | 2008). |
| 11 |       These findings and recommendations are submitted to the United States District |
| 12 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty |
| 13 | days after being served with these findings and recommendations, any party may file written |
| 14 | objections with the court and serve a copy on all parties.  Such a document should be captioned |
| 15 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections |
| 16 | shall be served and filed within ten days after service of the objections.  The parties are advised |
| 17 | that failure to file objections within the specified time may waive the right to appeal the District |
| 18 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 19 | DATED: March 6, 2009 |
| 20 |                                          /s/ Gregory G. Hollows |
| 21 |                                          UNITED STATES MAGISTRATE JUDGE |
| 22 | |
| 23 | reid2894.sta |
| 24 | |
| 25 | |
| 26 | |