IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN REID,

    Petitioner,                     No. CIV S-08-2894 MCE GGH P

    vs.

D. K. SISTO, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

                                 /

           Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the May 17, 2007 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. Petitioner claims that the Board's decision was not supported by "some evidence." He also alleges that the Board lacked statutory authority to deny him parole and that the Board's decision violated his plea agreement. For the reasons discussed below, the undersigned will recommend that the petition be denied in its entirety.

                                  BACKGROUND

           In its December 5, 2007 decision denying petitioner's state habeas petition, the Contra Costa County Superior Court summarized petitioner's case as follows:

> Petitioner pled guilty to a violation of Penal Code 187, murder in the second degree. He also admitted to the use of a deadly weapon in violation of Penal Code section 12022 subdivision 2(b)(1). On

1

October 14, 1981, he was sentenced to fifteen years to life for second degree murder, plus a one year enhancement for the use of a deadly weapon. Petitioner is currently incarcerated in the California State Prison.

On November 1, 2004, at petitioner's ninth parole hearing, the Board of Prison Terms, as it was then called, granted him parole. However, on March 22, 2005 the Governor reversed the decision of the Board of Prison Terms. The petitioner remained incarcerated. At a subsequent hearing on November 8, 2005, the renamed Board of Parole Hearings (hereinafter the Board) found petitioner unsuitable for parole.

On May 17, 2007, the Board denied petitioner parole again, this time for one year.

(Answer, Ex. 1, Part A (hereinafter "Sup. Ct. Order") at 1.

The Contra Costa Superior Court denied petitioner's request for habeas relief from the Board's 2007 decision in a reasoned opinion. (Sup. Ct. Order.) Petitioner's second state habeas petition to the California Court of Appeal, First Appellate District, was denied on April 1, 2008. (Answer, Ex. 2, Part A at 1.) The California Supreme Court denied petitioner's third request for state habeas relief on May 21, 2008. (Answer, Ex. 3, Part A at 1.)

On December 1, 2008, petitioner filed the instant petition. Respondent filed an answer on September 13, 2010, and petitioner filed a traverse on September 21, 2010.

ANALYSIS

I. AEDPA

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

As a preliminary matter, the Supreme Court has recently held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington v. Richter, 131 S.Ct. 770, 785 (U.S. 2011). Rather, "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 784-785, citing Harris v. Reed, 489 U.S. 255, 265, 109 S.Ct. 1038 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The Supreme Court has set forth the operative standard for federal habeas review of state court decisions under AEDPA as follows: "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" Harrington, supra, 131 S.Ct. at 785, citing Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786, citing Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140 (2004). Accordingly, "a habeas court must determine what arguments or theories supported or . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. "Evaluating whether a rule application was unreasonable requires

considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.'" Id. Emphasizing the stringency of this standard, which "stops short of imposing a complete bar of federal court relitigation of claims already rejected in state court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id., citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166 (2003).

The undersigned also finds that the same deference is paid to the factual determinations of state courts. Under § 2254(d)(2), factual findings of the state courts are presumed to be correct subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court factual determination. A petitioner must show clearly and convincingly that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338, 126 S.Ct. 969, 974 (2006).

The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002). Specifically, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, supra, 131 S.Ct. at 786-787. "Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120, 125, 128 S.Ct. 743, 746 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76, 127 S.Ct. 649, 653-54 (2006) (established law not permitting state

sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection). The established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. 3, 9, 123 S. Ct. 362, 366 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early, supra, 537 U.S. at 8, 123 S.Ct. at 365. Where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

II. Petitioner's Claims

   A. "Some Evidence"

On February 4, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).[1]

The parties have timely filed briefing, yet for the reasons set forth in the prior order, and notwithstanding petitioner's argument, there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard. Thus, petitioner's claim that the Board's 2007

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

decision violated California's "some evidence" requirement should be denied.

   B. Board's Authority

Petitioner also alleges that the Board lacked statutory authority to find him unsuitable for parole in 2007. He argues that, when the Governor reversed the Board's 2004 grant of parole, the Governor "failed to conduct a recission hearing or provide [him] with the procedural protections afforded by statute and regulations[,]" including Penal Code sections 3041 and 3041.5 and CCR sections 2041 through 2044, and thus the Governor's decision was only in effect for one year. Petitioner claims he should have been released at the end of this one-year period and that no statute authorized the Board to conduct its 2007 hearing on petitioner's parole suitability. (Ptn. at attached pages 3-4, 11-19.)

In ruling on this claim, the Contra Costa County Superior Court reasoned as follows:

> No statutory or case law supports the novel theory that once petitioner received a favorable ruling from the Board of Prison Terms in 2005[2], all future hearing panels were locked in for ever to follow that decision. To the contrary, the Board was obligated to perform its legal obligation and determine petitioner's suitability for parole under Section 2402. Indeed, even when a court reverses the Board's finding of unsuitability and orders a new hearing, the hearing panel is not limited in what it can consider, but rather should conduct a complete hearing considering all relevant evidence. (In re Weider (2006) 145 Cal. App. 4th 570, 590.)

(Sup. Ct. Opinion at 8-9.)

As respondent observes, this is a state law claim not cognizable on federal habeas review. A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at

---

[2] This appears to be a reference to the Board's favorable ruling in 2004, not 2005.

1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991). In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68, 112 S. Ct. at 480. The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

Because plaintiff's allegations concerning the Board's lack of statutory authority under state law do not amount to a federal claim, this claim also should be denied.[3]

C. Plea Agreement

Finally, petitioner alleges that the Board's 2007 denial of parole violated his plea agreement. Petitioner pled guilty to second degree murder with use of a knife and received a sentence of 16 years to life. (Ptn. at 1; id., Ex. G at 4.) He asserts that he has already served the

---

[3] Evidently, one Board pays no attention to the determinations of a previous Board, when those previous determinations indicate suitability. Such a lack of respect for a previous determination, when nothing of adverse significance to the prisoner has transpired since the previous determinations, smack of arbitrariness. At the very least, the denying Board should attempt to state why the previous determination cannot be followed. The BPH should be concerned about this lack of principled decision making, and should not make parole suitability a decision based entirely on the personal predilections of particular Commissioners. However, lack of principled decision making cannot be transformed into a federal claim after Swarthout.

1  192-month term provided by the Board's regulatory matrix.  See Cal Code Regs., tit. 15 § 2403.

2  He also claims that, at his sentencing hearing on October 14, 1981, the trial court "in accepting

3  the plea agreement gave [him] a legitimate and reasonable expectation that he would be released

4  from custody to parole while he was still a relatively young man ([petitioner] is now 48), or once

5  he served the 192 months as fixed by the Board." (Ptn. at attached page 33.)  As the basis of this

6  expectation, petitioner cites the following statement by the trial court: "As I said, Mr. Reid, this

7  is a very serious time for you.  You are 22 years of age.  You still should be a relatively young

8  man when you are released from custody and no reason why you should not be able to restructure

9  your life and be a law-abiding citizen."  (Id.; see Ptn., Ex. G at 2-4.)

10  In reviewing this claim, the Contra Costa County Superior Court reasoned as

11  follows:

> In support of his contention that his denial of parole violates his initial plea agreement, petitioner submitted Exhibit G, a transcript of his sentencing hearing.  The transcript, however, only contains a standard second degree murder sentence of fifteen to life[4] with the possibility of parole.  Petitioner presents no evidence of any promise that he would, in fact, be paroled on any particular date, or at all.  Where a petition alleges violation of a plea agreement, specific evidence of the nature of the agreement must be presented in the record.  (In re Honesto (2005) 130 Cal. App. 4th 81, 92.)  Petitioner's claim of a violation of his plea agreement fails for lack of any evidentiary support.

19  (Sup. Ct. Opinion at 9.)

20  The state court's rejection of petitioner's claim was not contrary to, or an

21  unreasonable application of, clearly established Supreme Court precedent, and was not based on

22  an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).  While established

23  Supreme Court authority requires that plea bargains be fulfilled by the state, Santobello v. New

---

[4] The transcript also includes a one-year sentence for the weapon enhancement, bringing petitioner's total sentence to sixteen years to life.  (Ptn., Ex. G at 4.)

York, 404 U.S. 257, 261, 92 S.Ct. 495 (1971).  Petitioner has not shown that the state court failed to apply clearly established precedent of the United States Supreme Court.  The state court reasonably determined that petitioner showed merely that he bargained for a term of sixteen years to life with only the "possibility" of release on parole.  See Ricketts v. Adamson, 483 U.S. 1, 6 n. 3, 107 S.Ct. 2680 (1987).  Like the state court, the undersigned finds no factual basis for petitioner's claim that his plea agreement provided that he would be paroled after a certain amount of time.  Certainly the trial judge's remarks at sentencing do not rise to the level of such a promise.  Petitioner is serving a term of sixteen years to life, and under California law, the Board is not required to set a parole release date until it determines that an inmate no longer poses an unreasonable risk of danger to public safety.  Cal. Penal Code § 3041(b); In re Dannenberg, 34 Cal. 1061, 1098 (2005).

To the extent that petitioner argues that the unfavorable-to-petitioner participation of the District Attorney violates the plea agreement, petitioner points to no provision of the agreement which precludes the District Attorney from advocating against parole.  The District Attorney agreed to a plea bargain of a life sentence with the possibility of parole.  This remains a life sentence and the District Attorney is free to argue such and against the possibility of parole.

As the denial of this claim is not an unreasonable application of Supreme Court authority, the undersigned will recommend that this claim be denied.

## CONCLUSION

Plaintiff has failed to allege a claim for federal habeas relief.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2011            /s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

reid2894.fr / GGH:14